**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**JORGE SALAZAR-GOMEZ,**

             **Petitioner,**

**v.**                                     **Case No. 1:14-cv-27115**

**BART MASTERS, Warden**
**FCI McDowell**

             **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On October 22, 2014, Petitioner Jorge Salazar-Gomez ("Salazar-Gomez"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Because Petitioner's release from custody renders his petition moot, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

I.    **Relevant History**

At the time Salazar-Gomez filed the instant petition for habeas relief, he was housed at the Federal Correctional Institution in McDowell County, West Virginia. In the petition, Salazar-Gomez complained about disciplinary measures taken against him in

1

July and December 2013 while he was an inmate at the Federal Correctional Center in Big Springs, Texas. (ECF No. 2 at 1). According to Salazar-Gomez, the disciplinary proceedings were conducted before a hearing officer who was not an employee of the Bureau of Prisons ("BOP"). Consequently, the hearing officer was not authorized by law to impose sanctions on Salazar-Gomez. Nevertheless, the hearing officer found Salazar-Gomez guilty of two infractions and punished him by forfeiting some of Salazar-Gomez's good conduct credits. For relief, Salazar-Gomez demanded restoration of 68 days of good conduct credit. (*Id.* at 5).

On December 10, 2014, after Salazar-Gomez paid the requisite filing fee, the undersigned ordered the Respondent to show cause why the relief requested by Salazar-Gomez should not be granted. (ECF No. 7). Respondent filed a memorandum on February 27, 2015, indicating that the two infractions complained about by Salazar-Gomez had been recently reheard by a BOP-employed hearing officer. One of the violations was expunged and 27 days of good conduct credit was restored. As for the other alleged infraction, the BOP hearing officer found Salazar-Gomez guilty based upon his prior admission. However, because Salazar-Gomez received a new hearing on the infraction, he was required to exhaust administrative remedies before bringing a habeas action. Respondent maintained that Salazar-Gomez had not yet exhausted those remedies. Accordingly, Respondent argued that the factual basis for Salazar-Gomez's petition no longer existed, and his claims were now moot. Respondent requested a dismissal of the petition on that ground.

On April 2, 2015, Salazar-Gomez replied to Respondent's memorandum, arguing that Respondent had no jurisdiction to conduct a rehearing at FCI McDowell when the alleged infractions occurred at the Big Springs Correctional Center. Salazar-Gomez

2

contended that the initial hearing violated his due process rights because it was conducted by an official who lacked authority to sanction him, and the rehearing violated his due process rights because he never received any incident reports while housed at FCI McDowell. (ECF No. 11).

According to the Bureau of Prisons' website, Salazar-Gomez was released from custody on June 8, 2015.[1] The docket sheet indicates that he left no forwarding address.

## II.    <u>Discussion</u>

A prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a conviction or sentence, his

---

[1] See www.bop.gov/inmateloc/

release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Salazar-Gomez did not challenge his conviction; rather, he claimed that he was deprived of good conduct credits without due process of law and, therefore, was entitled to restoration of the credits. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508

(1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that Salazar-Gomez will be returned to prison on the same sentence and face the same alleged wrong. Mere speculation is not sufficient to meet the mootness exception.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

## III.   <u>Proposal and Recommendations</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1.   Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and

2.   This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** January 4, 2016

Cheryl A. Eifert
United States Magistrate Judge

6